UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
YANCY FLORES,

                                                      Plaintiff,

                                        -against-

RACHEL MICHAVI and YOSSEF AZOUR,

                                                Defendants.
-----------------------------------------------------------------------------X

CIVIL ACTION NO.

COMPLAINT

       Plaintiff Yancy Flores, by her attorneys, Katz Melinger PLLC, complaining of the defendants, Rachel Michavi and Yossef Azour (together, "Defendants"), respectfully alleges as follows:

### I. Nature of Action, Jurisdiction, and Venue

       1.    This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and New York Labor Laws ("NYLL") §§ 190 *et seq.* and 650 *et seq.* and 12 NYCRR 142-2.14.

       2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

       3.    This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

       4.    Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and

Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff Yancy Flores is an individual residing in the state of New York.

6. At all relevant times, Plaintiff was employed by Defendants to work as a non-live-in nanny and housekeeper.

7. Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

8. Defendants Michavi and Azour are individuals residing, upon information and belief, in the State of New York.

9. Upon information and belief, Michavi and Azour are a married couple that jointly employed Plaintiff as a non-live-in nanny and housekeeper.

10. At all times relevant to this action, Defendants were Plaintiff's employer within the meaning of the FLSA and NYLL.

11. Defendants are subject to suit under the statutes alleged above.

## III. Factual Allegations

12. Plaintiff Flores was employed by Michavi and Azour as a non-live-in nanny and housekeeper from in or about September 2018 until on or about June 25, 2021.

13. Plaintiff's principal job duties included *inter alia* preparing meals, doing laundry, cleaning the home, and assisting with childcare.

14. Throughout her employment, Plaintiff regularly worked five (5) days per week, as follows: Mondays through Fridays from approximately 8:00 a.m. until 8:00 p.m., for a total of approximately sixty (60) hours per week. In addition, approximately one (1) day every other week (usually Fridays), Plaintiff was required to work from approximately 8:00 a.m. until 2:00 a.m. the

following day, bringing her total weekly hours worked during such weeks to approximately sixty-six (66) hours.

15. Throughout her employment with Defendants, Plaintiff was not afforded proper meal or rest breaks.

16. Defendants did not require Plaintiff to clock in and out and did not otherwise record Plaintiff's work hours

17. From the start of her employment until on or around May 2020, Plaintiff was compensated at a fixed hourly rate of $12.00 per hour for all hours worked per week.

18. From in or around June 2020 until on around June 25, 2021, Plaintiff was compensated at a fixed hourly rate of $13.50 per hour for all hours worked per week.

19. Throughout her employment with Defendants, Plaintiff was a non-exempt employee pursuant to the FLSA and the NYLL, and was entitled to minimum wages and overtime compensation.

20. However, Defendants failed to pay Plaintiff at least the applicable minimum wage for all hours worked.

21. Furthermore, despite routinely working more than forty (40) hours per week, Plaintiff was not paid overtime compensation of one and one-half times her regular rate of pay or the applicable minimum wage rate, whichever is higher, for the hours she worked in excess of forty (40) hours per week under the FLSA and the NYLL.

22. Throughout Plaintiff's employment, Defendants paid Plaintiff once per month.

23. Defendants also unlawfully deducted wages from Plaintiff for a shirt that they claim Plaintiff damaged.

24. Defendants also have not paid the last five (5) weeks of Plaintiff's wages.

25. Plaintiff also did not receive a notice at the time of hire, or at any time thereafter, containing her rates of pay and the designated payday, or any other information required by NYLL § 195(1).

26. Defendants further failed to furnish to Plaintiff, with each wage payment, a statement listing her regular and overtime rates of pay, the number of regular and overtime hours worked, or any other information required by NYLL § 195(3).

27. Defendants violated federal and state law by willfully failing to pay Plaintiff overtime compensation under both the FLSA and the NYLL; by failing to pay Plaintiff the applicable minimum and spread of hours wages owed to her under the NYLL; by failing to timely pay Plaintiff's wages on a weekly basis; by unlawfully deducting wages from Plaintiff; and by failing to provide Plaintiff with statutory payroll notices and wage statements required by NYLL.

## AS AND FOR A FIRST CAUSE OF ACTION
*(Overtime Violations under the FLSA)*

28. Plaintiff repeats and realleges all prior allegations set forth above.

29. Pursuant to the applicable provisions of 29 U.S.C. § 207, Plaintiff was entitled to overtime compensation of one and one-half times her regular hourly rate or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

30. Plaintiff regularly worked in excess of forty (40) hours per week during her employment with Defendants.

31. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half times her regular rate of pay or the applicable minimum wage, whichever is greater, for each hour worked in excess of forty (40) in a workweek.

32. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

33. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

34. Judgment should be entered in favor of Plaintiff and against Defendants on the First Cause of Action in the amount of her unpaid overtime wages, liquidated damages, attorneys' fees and costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION
*(Overtime Violations under the NYLL)*

35. Plaintiff repeats and realleges all prior allegations set forth above.

36. Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to overtime compensation of one and one-half (1.5) times her regular hourly rate of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

37. Plaintiff regularly worked in excess of forty (40) hours per week during her employment with Defendants.

38. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half times her regular rate or the applicable minimum wage, whichever is greater, for each hour worked in excess of forty (40) in a workweek.

39. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

40. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

41. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of her unpaid overtime wages, liquidated damages, attorneys' fees and costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION
*(Minimum Wages Violations under the NYLL)*

42. Plaintiff repeats and realleges all prior allegations set forth above.

43. Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to the statutory minimum wages for all of the hours she worked.

44. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff the statutory minimum wages for the hours she worked.

45. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

46. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

47. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of her unpaid minimum wages, liquidated damages, attorneys' fees and costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FOURTH CAUSE OF ACTION
*(Spread of Hours Violations Under the NYLL)*

6

48. Plaintiff repeats and realleges all prior allegations.

49. Plaintiff regularly worked shifts that spanned more than ten (10) hours per day.

50. Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the minimum hourly wage rate for each day during which Plaintiff's shifts spanned more than ten (10) hours.

51. By failing to pay Plaintiff spread of hours pay, Defendants willfully violated NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to 12 NYCRR § 142-2.4.

52. As Defendants did not have a good faith basis to believe that their failure to pay spread of hours wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

53. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in the amount of her unpaid spread of hours wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FIFTH CAUSE OF ACTION
*(Unlawful Deductions from Wages under the NYLL)*

54. Plaintiff repeats and realleges all prior allegations set forth above.

55. Pursuant to the provisions of NYLL § 193, employers are prohibited from making any deductions from the wages of an employee, except in limited circumstances.

56. During the relevant period, Defendants made deductions from Plaintiff's wages to recoup alleged costs of repairs for clothing.

57. Defendants' deductions of Plaintiff's wages violated NYLL § 193.

58. Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action in the amount of Plaintiff's unlawfully deducted wages, liquidated

damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SIXTH CAUSE OF ACTION
*(Failure to Timely Pay Wages under the NYLL)*

59. Plaintiff repeats and realleges all prior allegations set forth above.

60. Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiff was entitled to be paid her earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

61. During the relevant time period, Defendants failed to timely pay Plaintiff all her earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned, and was paid on a monthly basis instead.

62. Throughout the relevant time period, Defendants failed to pay Plaintiff all wages earned by Plaintiff, including overtime wages earned for all hours worked in excess of forty (40) in a workweek, minimum wages, and spread of hours wages, in violation of NYLL § 191(1)(a)(i).

63. As a result of Defendants' violations of the law and failure to pay Plaintiff in accordance with NYLL § 191(1)(a)(i), Plaintiff has been damaged and is entitled to recover from Defendants all wages due, liquidated damages, all reasonable attorneys' fees, interest, and costs.

64. Judgment should be entered in favor of Plaintiff and against Defendants on the Sixth Cause of Action for all wages due, liquidated damages, all reasonable attorneys' fees, costs and interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SEVENTH CAUSE OF ACTION
*(Failure to Provide Payroll Notices Under the NYLL)*

65. Plaintiff repeats and realleges all prior allegations.

66. Defendants failed to furnish to Plaintiff, at her time of hire or at any time thereafter, notices containing her rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; her regular pay day designated by the employer; and other information required by NYLL § 195(1).

67. As Defendants failed to provide Plaintiff with payroll notices as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

68. Judgment should be entered in favor of Plaintiff and against Defendants on the Seventh Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
*(Failure to Provide Wage Statements Under the NYLL)*

69. Plaintiff repeats and realleges all prior allegations.

70. Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: her regular and overtime rates of pay and basis thereof; the number of regular and overtime hours she worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

71. As Defendants failed to provide Plaintiff with wage statements as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

72.     Judgment should be entered in favor of Plaintiff and against Defendants on the Eighth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

WHEREFORE Plaintiff prays for relief as follows:

a) on the First Cause of Action for all overtime wages due to Plaintiff, an additional award of one hundred percent of all wages due, all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due, an additional award of one hundred percent of all wages due, all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court;

c) on the Third Cause of Action for all minimum wages due, an additional award of one hundred percent of all wages due to Plaintiff, all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court;

d) on the Fourth Cause of Action for all spread of hours wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for all unlawfully deducted wages, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court

f) on the Sixth Cause of Action against Defendants for all wages due, an additional award of one hundred percent of all wages due to Plaintiff, and all reasonable attorneys' fees in an amount to be determined by this Court;

g) on the Seventh Cause of Action for all wages due, liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees in an amount to be determined by this Court;

h) on the Eighth Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees in an amount to be determined by this Court;

i) interest;

j) costs and disbursements; and

k) such other and further relief as is just and proper.

Dated: New York, New York
January 12, 2023

>*/s/ Eliseo Cabrera*
>Eliseo Cabrera
>Katz Melinger PLLC
>370 Lexington Avenue, Suite 1512
>New York, New York 10017
>t: (212) 460-0047
>f: (212) 428-6811
>edcabrera@katzmelinger.com
>*Attorneys for Plaintiff*