Case 2:23-cv-00231-HG-JMW   Document 22   Filed 05/31/23   Page 1 of 5 PageID #: 67

**FILED**
**CLERK**

May 31, 2023

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
YANCY FLORES,

        Plaintiff,

    -*against*-

RACHEL MICHAVI and YOSSEF AZOUR,

        Defendants.
------------------------------------------------------------------------X

**ORDER**
23-cv-0231 (HG) (JMW)

**A P P E A R A N C E S:**

Eliseo Cabrera, Esq.
Nicole Deanna Grunfeld, Esq.
**Katz Melinger PLLC**
370 Lexington Avenue, Ste 1512
New York, NY 10017
*Attorneys for Plaintiff*

Rachel Michavi
Yossef Azour
1080 Highland Pl
Woodmere, NY 11598
***Pro se Defendants***

**WICKS,** Magistrate Judge:

      Plaintiff Yancy Flores worked as a non-live-in nanny and housekeeper for the married Defendants.  (DE 1 at ¶ 12.) Plaintiff brought this action against her former employers asserting eight causes of action including failure to pay overtime, minimum wage, and spread of hours, unlawful deductions from wages, failure to timely pay wages, and failure to provide payroll notices and wage statements -- in violation of the Fair Labor Standards Act of 1983, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), the New York Labor Laws §§ 190 *et seq.* and 650 *et seq.*, and New York Codes, Rules and Regulations, 12 NYCRR 142-2.14.  (DE 1 at 1.)

Plaintiff's counsel states that on April 20, 2023, he emailed Defendants with a $74,015.00 settlement demand and outlined the damages Plaintiff had suffered. (DE 13 at 2.) On April 21, 2023, out of the blue, Defendants filed a settlement agreement, written in English and signed by the parties, purporting to settle the action for $1000.00 (DE 9.) This "settlement" was done unbeknownst to Plaintiff's counsel. Plaintiff also filed a letter, written in English, to withdraw her counsel and voluntary dismiss the case. (DE 10.)

Plaintiff is a native Spanish speaker who does not speak or read English well. (DE 11 at 1.) The Honorable Hector Gonzalez directed Plaintiff's counsel to confirm that Plaintiff intended to file and sign these documents and whether she intends to dismiss her counsel. (Electronic Order dated May 1, 2023.) Plaintiff confirmed that she signed the settlement agreement and notice of voluntary dismissal, and that she made the request to dismiss her counsel. (DE 12 at 2.) Plaintiff also asserted for the first time that she never signed any documents for her lawyer. (DE 12 at 2.) In turn, Plaintiff's counsel filed a copy of the signed engagement letter. (DE 13-1.)

Essentially, Plaintiff settled the case with Defendants on her own, without apprising her counsel, and now seeks to dismiss her counsel, and the case. Defendants have already paid the $1,000.00 settlement amount. (DE 18.) Plaintiff's counsel requested a *Cheeks* hearing to determine the fairness of the agreement, but they take no position on its fairness because they were not involved in its negotiation or creation. (DE 11; DE 13.) Plaintiff's counsel only requests that the Court determine Plaintiff's status as a prevailing party if the agreement is approved as well as their firm's entitlement to costs and fees as a result of that determination. (DE 11; DE 13.) Plaintiff's counsel asserts a charging lien since Plaintiff no longer desires that they represent her. (DE 11; DE 13.)

Judge Gonzalez referred the settlement agreement (DE 9) filed by the parties and Plaintiff's counsel's letter-motion for a hearing pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (DE 11) to the undersigned for a report and recommendation. (Electronic Order dated May 10, 2023.) The undersigned directed the parties to appear for a Fairness Hearing that was scheduled for May 30, 2023, at 3:30 PM in Courtroom 1020 before the undersigned. (Electronic Order dated May 10, 2023.) The Court subsequently received three letters from Defendants, each dated May 23, 2023, noting that (a) they were never served "with notice on 4/10/23" because they were not in New York on that date (DE 16), (b) that they reside at "1080 Highland Pl [W]oodmere NY 11598" for the last two years (DE 17), and (c) the settlement was paid to Plaintiff and cashed (DE 18 at 1, 2-3 (endorsed check)).

The Court then re-iterated that the May 30, 2023 Fairness Hearing remained in place and directed Plaintiff's counsel to serve a Copy of the Court's May 10, and May 24 Orders, on Plaintiff and Defendants on or before May 25, 2023 by both first-class mail and overnight mail, and file proof of service. (Electronic Order dated May 24, 2023.) Plaintiff's counsel was further directed to arrange for an interpreter for the Fairness Hearing for Plaintiff to the extent one is needed based on their representation that Plaintiff does not speak fluent English. (Electronic Order dated May 24, 2023.)

On May 30, 2023, Plaintiff failed to appear, Defendants failed to appear in-person, and Plaintiff's counsel did not arrange for an interpreter. Attorney Eliseo Cabrera, one of the two counsel of record for Plaintiff, appeared. Rachel Michavi appeared at the courthouse in Brooklyn, and after being prompted by Court staff, Rachel Michavi and Yossef Azour both appeared via telephone on the Court's AT&T conference line. The hearing was scheduled for

3:30 PM, and after giving Plaintiff ample time to appear, the Court went on the record at 4:20 PM. Plaintiff was in abstentia.

The docket reflects that a copy of the Court's May 10, 2023 and May 24, 2023 Orders regarding the time, location, and in-person nature of the May 30, 2023 hearing were served upon Defendants by Plaintiff's counsel. (DE 19.) And Cabrera represented on the record that his firm reached out to Plaintiff regarding the hearing and asked her to attend in person by calling, texting, and by sending both first-class mail and emails, all to no avail. Cabrera also had staff from his firm reach out to Plaintiff while he was in the courtroom but advised that they were not able to reach Plaintiff.

The undersigned expressly advised Plaintiff's counsel and Defendants that they must attend a rescheduled fairness hearing in-person on June 16, 2023 at 1:30 PM. Defendants confirmed they would be attending. The undersigned notes that during the May 30 hearing, Defendant Yossef Azour stated on the record that he believed that Plaintiff would not show up to the next hearing as well.

The Court acknowledges that Plaintiff filed a letter stating that she notified her lawyer via text message "that for me the lawsuit is over" yet her lawyers are still acting on their "own accord" and are allegedly not respecting her request. (DE 12 at 2.) However, in a case brought pursuant to the FLSA, a settlement agreement requires court approval. *See Cheeks*, 796 F.3d at 206 (noting that Rule 41's "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect."). This was already made clear in Plaintiff's counsel's letter requesting a hearing. (DE 11 at 2 ("As this matter arises under the FLSA, Court approval is required for the settlement and dismissal of Plaintiff's claims.")). In the absence of a hearing with all parties present, the Court is unable to determine

4

the fairness of the settlement under *Cheeks*. Accordingly, the Fairness Hearing is hereby rescheduled for **June 13, 2023** at **1:30 PM** before the undersigned in Courtroom 1020 at the **United States District Courthouse, Eastern District of New York, 100 Federal Plaza, Central Islip, New York.** All parties, as well as Plaintiff's counsel, must appear in person. Furthermore, and Plaintiff's counsel is directed to arrange for an interpreter qualified to interpret in Spanish in federal court.

Plaintiff and Defendants are cautioned that their failure to appear in-person may result in, amongst other things, a recommendation to Judge Gonzalez that approval of the parties' settlement agreement (DE 9) be denied. All parties and counsel are further cautioned that their failure to appear or otherwise comply with the Court's directives with respect to the hearing, may result in the consideration of sanctions that include but are not limited to attorneys' fees and/or costs.

Counsel for Plaintiff is directed to serve copies of this Order upon Plaintiff and Defendants via first-class mail and overnight mail as well as email, and file proof of service on ECF on or before June 2, 2023.

Dated: Central Islip, New York
       May 31, 2023

S O   O R D E R E D:
/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge
